Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1127 | **DATE** | July 28, 2011 |
| **CASE TITLE** | *Bonilla, et al. v. Comcast, et al.* | | |

**DOCKET ENTRY TEXT**

The court directs the clerk to place this case back on its active docket. The plaintiff has 14 days from the date of entry of this order to file an amended complaint. The defendants then have 21 days to answer or otherwise plead. Any renewed motion for FLSA collective action certification shall be filed at the time the amended complaint is filed.

■[ For further details see text below.]

00:00

## STATEMENT

On February 19, 2010, the plaintiff filed this action under the Fair Labor Standards Act ("FLSA") against Comcast Corporation and American Cable & Telephone LLC. In addition to a FLSA claim, the complaint also includes claims under the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. The plaintiffs "seek to represent a class consisting of all ACT cable technicians who performed work for Comcast in Illinois and who were classified and paid as independent contractors at any time during the applicable limitations period." Complaint at ¶ 28, Dkt. #1.

The defendants moved to dismiss or, in the alternative, stay this case on the ground that it is duplicative of an earlier filed case which, after consent by the parties, is now pending before Magistrate Judge Mason. That earlier filed case is titled *Butler v. American Cable & Telephone*, No. 09 C 5336 (N.D. Ill.), and was filed on behalf of a purported class consisting of: "[a]ll individuals who were employed by one or more of the Defendants, its subsidiaries and related companies, in the state of Illinois as cable technicians or other positions performing similar responsibilities for the Defendants at any time during the relevant statute of limitations." According to the defendants, the purported class in the instant case is already encompassed in the purported *Butler* class and both cases seek the same relief. Thus, in the interests of judicial economy, the defendants contended that this case should be dismissed or, in the alternative, stayed.

On January 7, 2011, the court denied the motion to dismiss but granted the motion to stay on the ground that it appeared that some overlap existed between the two cases as to issues and/or class members. The court placed this case on its suspense docket pending a ruling by Judge Mason in the *Butler* case on the joint motion for preliminary approval of settlement and certification of a class. The court also instructed the parties that within 7 days of Judge Mason's ruling on that motion, they were to file a joint statement with this court indicating that Judge Mason had ruled and setting forth their positions as to how this case should

| STATEMENT |
|---|

proceed. Judge Mason recently ruled on the motion and the parties have filed their joint statement.

The plaintiff asks that this case now be allowed to proceed for two primary reasons. First, in the *Butler* case, Judge Mason denied the motion for Rule 23 class certification and noted that the proposed settlement agreement in that case improperly included a release of the FLSA claims of all class members without the requisite opt-in procedure. Dkt. #137 at 19-20 (09 C 5336). Judge Mason stated that because the FLSA permits an employee to participate in a collective action only if that employee consents in writing to be a plaintiff in the action (*i.e.*, to affirmatively opt in), the proposed release of FLSA claims through a Rule 23 opt-out procedure would be improper. *Id*. at 20. Judge Mason instructed the parties in *Butler* that "[f]urther settlement negotiations should include a discussion regarding how to properly effectuate the opt-in notice required by this ruling." *Id*. According to the plaintiff, because any settlement in the *Butler* case cannot extinguish FLSA claims of any potential plaintiff (including the plaintiff in this case) who does not opt in to the *Butler* class, this case should be allowed to proceed.

Second, the plaintiff notes that Comcast is not a defendant in the *Butler* case but is in this case. Thus, because the *Butler* case cannot resolve the plaintiff's claims against Comcast, this case should move forward.

The defendants contend that this case should remain stayed because the parties in *Butler* are now "actively negotiating" the issues raised by Judge Mason in his ruling on the motion for class certification and approval of the settlement agreement, and that they intend to file a revised motion for preliminary settlement approval in the next 30 to 45 days. That may be so, but, as noted by the plaintiff, any settlement in the *Butler* case cannot extinguish the FLSA claims of plaintiffs who do not affirmatively opt in. Thus, those who do not opt in to the *Butler* settlement will still have FLSA claims against ACT. Moreover, the *Butler* case does not include Comcast as a defendant; accordingly, any settlement in the *Butler* case cannot resolve the instant FLSA claims against Comcast.

For these reasons, the court directs the clerk to place this case back on its active docket. The plaintiff indicated in his joint statement to the court that he intends to file an amended complaint. He has 14 days from the date of entry of this order to do so. The defendants then have 21 days to answer or otherwise plead. The plaintiff also stated that he intends to renew his motion for FLSA collective action certification. Any such motion shall be filed at the time the amended complaint is filed.

RH/p