# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1127 | **DATE** | November 1, 2011 |
| **CASE TITLE** | *Perez v. Comcast et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to dismiss the ECA claim [71-1] is denied.

■[ For further details see text below.]  Docketing to Mail Notices.

00:00

## STATEMENT

     The plaintiffs, workers who performed cable installations and repairs for Comcast, filed suit alleging, among other things, violations of the Fair Labor Standards Act and the Employee Classification Act, 820 ILCS 185, *et seq*. Specifically, the plaintiffs allege that Comcast and American Cable & Telephone, LLC, who performed cable installation, disconnection and repair services pursuant to contract with Comcast, miscategorized the plaintiffs and those similarly situated as "independent contractors" rather than employees thereby denying the plaintiffs certain benefits. ACT has filed a motion to dismiss Count VI of the FAC, which alleges violations of the Employee Classification Act, 820 ILCS 185 et seq. For the reasons stated below, the motion is denied.

**Standard on a Motion to Dismiss**

     "To survive a motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arnett v. Webster*, --- F.3d ----, 2011 WL 4014343, at *7 (7th Cir. Sep. 12, 2011) (citation omitted). Moreover, "[t]he complaint 'must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Id*. (citation omitted). In addressing a motion to dismiss, the court construes the allegations of the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [the nonmoving party's] favor." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc*., --- F.3d ----, 2011 WL 3873773, at *4 (7th Cir. Sep. 2, 2011) (citation and internal quotation marks omitted).

| STATEMENT |
|---|

**Analysis**

Under the Illinois Employee Classification Act, "[a]n individual performing services for a contractor is deemed to be an employee of the contractor" unless several factors are satisfied. 820 ILCS 185/10(b). A contractor is anyone "who engages in construction as defined in this Act." 820 ILCS 180/5. In turn, construction means:

> any constructing, altering, reconstructing, repairing, rehabilitating, refinishing, refurbishing, remodeling, remediating, renovating, custom fabricating, maintenance, landscaping, improving, wrecking, painting, decorating, demolishing, and adding to or subtracting from any building, structure, highway, roadway, street, bridge, alley, sewer, ditch, sewage disposal plant, water works, parking facility, railroad, excavation or other structure, project, development, real property or improvement, or to do any part thereof, whether or not the performance of the work herein described involves the addition to, or fabrication into, any structure, project, development, real property or improvement herein described of any material or article of merchandise. Construction shall also include moving construction related materials on the job site to or from the job site.

*Id*.

According to ACT, the plaintiffs fail to allege that they are engaged in construction and "allege only that they performed residential cable services." Motion to Dismiss at 2, Dkt. #71-1. As such, the defendants assert that the plaintiffs have failed to state a claim.

The plaintiffs respond that they allege that they installed, repaired, disconnected and audited cable wiring. They admit that they do not describe in detail how they "drilled holes in walls, pulled coaxial and fiber optic cable through walls, installed routers and switches, inspected wiring, used diagnostic equipment to troubleshoot problems and conduct repairs, or cut and disconnected internal and external wiring. . . ," Response at 3, Dkt. #81, but contend that Rule 8 does not require them to do so. This court agrees. The plaintiffs allege that they performed cable installation, disconnection and repair services. Given the expansive definition of construction under the ECA, and construing the allegations in a light most favorable to the plaintiffs, the court concludes that the amended complaint sufficiently alleges a claim under the ECA. The defendants are free to probe the issue in discovery.

Nor is the court persuaded differently by ACT's reliance on the ECA's legislative history, which it asserts shows that the statute is aimed only at the construction industry. "When the statutory language is clear, [a court] must apply it as written, without resort to extrinsic aids of statutory construction." *Snyder v. Heidelberger*, 953 N.E.953 N.E.2d 415, 421 (Ill. 2011). Here, the statutory language is clear and points to a broad interpretation of the statute. Indeed, ACT's Exhibit 2, which is the Illinois Department of Labor press release regarding the ECA, of which the court may take judicial notice, *see* Fed. R. Evid. 201(b)(2) & (c), indicates that IDOL, which is charged with the ECA's enforcement, has taken the position that the "term 'construction' is broadly defined."

For these reasons, the motion to dismiss is denied.