## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1127 | **DATE** | November 29, 2011 |
| **CASE TITLE** | *Perez et al. v. Comcast et al.* | | |

**DOCKET ENTRY TEXT**

The plaintiffs' motion for conditional certification [55-1] is granted, the request for equitable tolling is denied and the request for expedited notice is denied. The parties shall meet and confer within 21 days of the date of this order regarding the content of the plaintiffs' proposed notice. If the parties are unable to resolve all of the issues between themselves, they shall file a joint statement no more than 5 days after their meeting briefly describing the remaining issues and each side's position on the issue. After reviewing the joint statement, the court will set further dates as necessary.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiffs filed this action under the Fair Labor Standards Act ("FLSA") against Comcast Corporation and American Cable & Telephone LLC. In addition to the FLSA claim, the amended complaint also includes claims under the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and the Illinois Employee Classification Act. The plaintiffs allege that they were misclassified as independent contractors and were denied various legal protections including the right to minimum and overtime wages. The plaintiffs also allege that they were required to, among other things: (1) pay for worker's compensation and general liability insurance either out of pocket or through 13.8% wage deductions; (2) purchase their own uniforms, tools and equipment including safety equipment, (3) purchase their own Nextel mobile devices and phone service to transmit data to and from Comcast regarding work orders.

Pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), the plaintiffs seek conditional certification of their collective action FLSA claim in Count I of the amended complaint. The proposed class consists of "all Comcast cable technicians who provided installation, audit, disconnection or repair services for Comcast customers pursuant to its contracts with ACT (or its predecessor) and who were classified as independent contractors."

**Conditional Certification**. FLSA overtime wage claims may be pursued through a collective action on behalf of the named plaintiffs and similarly situated workers. 29 U.S.C. § 216(b); *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). Generally, courts considering whether FLSA claims may proceed as a collective action use a two-step process. *Larsen v. Clearchoice Mobility, Inc.*, No. 11 C 1701, 2011 WL 3047484, at *1 (N.D. Ill. Jul.25, 2011). First, the court considers whether to conditionally certify a class. To obtain this relief, a plaintiff must make a "modest factual showing sufficient to demonstrate that

## STATEMENT

they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hundt v. DirectSat USA, LLC*, No. 08 C 7238, 2010 WL 2079585, at *2 (N.D. Ill. May 24, 2010) (citation and internal quotation marks omitted). "If the plaintiff meets this light burden, the court conditionally certifies the class, and notice is sent to potential class members, giving them an opportunity to opt into the suit. At this stage, the court does not resolve factual disputes or decide substantive issues going to the merits." *Larsen,* No. 11 C 1701, 2011 WL 3047484, at *1. Second, after the parties have had an opportunity to pursue discovery and the opt in process is complete, the court must reevaluate certification using a more rigorous standard. *Id.*

In support of their request for conditional certification, the plaintiffs contend that they were all subject to the common policy of being misclassified as independent contractors and consequently, were subject to the same FLSA violations in that they were denied overtime wages, were required to pay for insurance, uniforms, tools and equipment and were subject to the same wage deductions. They have submitted declarations in which each states that they worked as Comcast cable technicians, they regularly worked 80 or more hours per week with no overtime pay, they had to pay for their own trucks, including gas and repairs, they had to pay for their own Nextel phone including service, they frequently worked 12-hour days, and performed cable disconnection or installation services. As to their job duties, the plaintiffs indicate that, like the other technicians, they arrived at work at approximately 7 a.m., received a list of addresses to service that day, used Technet technology installed on their Nextel phones to register when a job was being started and then upon completion, and filled out paperwork for Comcast for each address serviced. Notwithstanding the defendants' arguments to the contrary, the plaintiffs have satisfied the requirement of making a "modest factual showing" for conditional certification. *AON Corp. Wage & Hour Employment Practices Litigation*, No. 08 C 5802, 2010 WL 1433314, at *9 (N.D. Ill. Apr. 8, 2010) (*"*This uniformity [in tasks performed on the job], when considered with other allegations that he and the other New York PMU employees were improperly classified as administrative employees, regularly worked in excess of forty hours a week, and were not compensated for overtime are enough for us to make a preliminary determination that Craig and others at the New York PMU were subject to a common policy in violation of FLSA.")

This is so notwithstanding the defendants' assertions that "individualization [among the plaintiffs] abounds." Inquiry into the different positions and tasks of the putative plaintiffs is premature at this stage. *Smallwood v. Illinois Bell Telephone Co.*, 710 F. Supp.2d 746 (N.D. Ill. 2010) ("Defendant's argument regarding job inconsistencies has been presented at the incorrect stage of FLSA class certification. In arguing that this Court's 'similarly situated' analysis should presently focus on the day-to-day work activities performed by each class member, Defendants jump ahead to a more exacting standard at step two that is not appropriate at the step one analysis."). Because the court finds that conditional certification is warranted, it need not address the plaintiffs' argument that ACT is judicially estopped from opposing conditional certification based on arguments it made in the similar case pending before Magistrate Judge Mason, *Butler v. American Cable & Telephone, LLC and Perry Moore*, No. 09 C 5336.

**Equitable Tolling**. The plaintiffs argue that the court should equitably toll the FLSA limitations period to allow more putative class members to file consents. Under the FLSA, the filing of a lawsuit does not toll the statute of limitations for putative class members and continues to run until the putative class members file forms consenting to join the action. *See* 29 U.S.C. §§ 255, 256; *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982) (others similarly situated in FLSA collective action must "opt in" once notified of the pending suit). The statute of limitations period for an FLSA claim is two years, unless the violation was willful, in which case the limitations period is three years. 29 U.S.C. § 255(a). According to the plaintiffs, because the defendants moved to dismiss the plaintiffs' claims and this court stayed the instant

# STATEMENT

action pending the outcome of the motion for preliminary approval of a settlement in the *Butler* case, thus delaying consideration of the plaintiffs' motion for conditional certification, the FLSA limitations period should be tolled.

Several courts have allowed equitable tolling of FLSA claims where the case's litigation posture has delayed the court's consideration of the motion for conditional certification and notice. *See, e.g., Stickle v. SCIWestern Market Support Center, L.P.*, No. CV 08–083–PHX–MHM, 2008 WL 4446539, at ** 21-22 (D. Ariz. Sep. 30, 2008) (equitably tolling the FLSA statute of limitations where court delayed ruling on the plaintiffs' collective action pending determination of defendant's motion to dismiss); *Adams v. Tyson Foods, Inc.*, No. 07-CV-4019, 2007 WL 1539325, at *2 (W.D. Ark. May 25, 2007) (tolling the statute of limitations pending a decision by the MDL panel whether to transfer the case); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 06-0715 SC, 2007 WL 707475 at *8 (N.D. Cal. Mar. 6, 2007) (equitably tolling FLSA statute of limitations because of factors outside plaintiffs' control, including litigation and the competition between attorneys that occurred during the settlement of related action).

On the other hand, the defendants note that other courts have found that equitable tolling is not called for in situations where some putative FLSA plaintiffs' claims may have expired due to the litigation process. *Hintergerger v. Catholic Health System*, No. 08 CV 380S, 2009 WL 3464134, at *15 (W.D.N.Y. Oct. 21, 2009 (denying motion for equitable tolling where motion for certification and notice was pending for thirteen months because "Plaintiffs here have offered no allegations or proof from which this Court can conclude that a reasonably prudent potential plaintiff would not have known of his or her right to receive overtime pay after 40 hours. Pursuit of that right is not dependent on the commencement or certification of a collective action, and a reasonably diligent person could have acted by pursuing an individual or collective action for relief."); *Love v. Phillips Oil, Inc.*, No. 3:08cv92/MCR/MD, 2008 WL 5157677, at *2 (N.D. Fla. Dec. 9, 2008) (stating that equitable tolling was inappropriate where nine months had passed between the filing of the complaint and the hearing on the plaintiff's motion to certify the class in part because "there is no suggestion that any potential opt-in plaintiffs who, if they acted with diligence, could not discover they might have a colorable claim for relief and file actions within the limitations period"); *Pendlebury v. Starbucks Coffee Co.*, 04-80521-CIV, 2008 WL 700174, at *5 (S.D. Fla. Mar. 13, 2008) ("[B]ecause Plaintiffs have not cited any extraordinary circumstances that prevented the opt-in Plaintiffs in this case from asserting their FLSA rights during the limitations period, the Court declines to equitably toll the statute of limitations period for this case"); *Longcrier v. HL-A Co., Inc.*, 595 F. Supp.2d 1218, 1244 (S.D. Ala. 2008) (denying motion to equitably toll plaintiff's FLSA claims that was filed along with motion for conditional class certification stating that the "Court deems Plaintiffs' meager showing inadequate to justify application of this 'rare remedy' in these altogether ordinary circumstances.").

The only cases cited by the parties in this district in which the courts have addressed whether equitable tolling to FLSA claims was appropriate address situations where the employer failed to post the required FLSA notice. *Chavez v. Don Stoltzner Mason Contractor, Inc..* No. 10 C 264, 2010 WL 1417029 (N.D. Ill. Apr. 5, 2010); *Cisneros v. Jinny Beauty Supply Co., Inc.*, No. 03 C 1453, 2004 WL 524482 (N.D. Ill. Feb. 6, 2004); *Cortez v. Medina's Landscaping, Inc.*, No. 00C 6320, 2002 WL 31175471 (N.D. Ill. Sep. 30, 2002). That is not the case here; thus, these cases are not instructive.

As noted by the Seventh Circuit:

> Equitable tolling is a doctrine used sparingly, reserved for those situations in which extraordinary circumstances prevent a party from filing on time. It applies only to cases in

# STATEMENT

which circumstances prevent a litigant from filing despite the exercise of due diligence, regardless of the defendant's conduct.

*Bensman v. U.S. Forest Service*, 408 F.3d 945, 964 (7th Cir. 2005) (internal citations omitted). Thus, "[a] litigant is entitled to equitable tolling if 'he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Lee v. Cook County*, 635 F.3d 969 (7th Cir. 2011) (citations omitted). The plaintiffs have failed to make any showing as to either prong. Indeed, the plaintiffs do not contend that putative plaintiffs were precluded from filing consents in this case because of the court's stay. In light of the Seventh Circuit's admonition that equitable tolling is to be used sparingly and the plaintiffs failure to satisfy either prong of the equitable tolling test, the court denies the plaintiffs' request to equitably toll the FLSA claims.

**Expedited Notice**. Finally, the plaintiffs request expedited notice. The notice of proposed settlement in the *Butler* case was sent out on October 21, 2011, with claim forms, consents to opt in and requests for exclusion due December 6, 2011. The plaintiffs in this case seek to have the court direct expedited notice to the putative class of the instant lawsuit so that putative class members can make an "informed choice" about whether to file a FLSA settlement claim against ACT by December 6, 2011. The court finds no basis on which to expedite notice in this case.

As an initial matter, the plaintiffs do not cite to any authority in support of their request. Moreover, having reviewed the plaintiff's proposed notice, the court concludes that such notice would very likely confuse the putative plaintiffs. Not only will they receive a notice discussing the settlement of claims they might have, at the same time they will receive notice about joining another case dealing with the exact same issues. Receiving two different notices about the exact same issue will likely be confusing to a person not versed in the FLSA. It is certainly conceivable that persons who want to cover all the bases, so to speak, will simply sign and return the notice in each case. The parties and the court in both cases would then be required to determine how each of the individuals who signed and returned both forms actually intends to proceed.

Moreover, the text of the proposed notice is not entirely correct or complete. The plaintiffs' proposed notice includes a section entitled "If I Join, Can I Still File a Claim In the Settlement of the Class Action Lawsuit Filed by Quinn Butler?" which states:

> **Yes**. You can do both.
>
> However filing a claim under the *Butler* settlement may affect your rights in this lawsuit. If you sign the second page ("Page 2 of 2") of the settlement claim form, you will settle your Fair Labor Standards Act claims against ACT and will be able to sue Comcast but not ACT in this lawsuit.

*See* Exhibit A to Plaintiffs' Reply, Dkt. #82, Page ID # 753. First, filing a claim in the *Butler* settlement *will* (not may) affect the person's rights when it comes the FLSA claims. In addition, in order to allow the putative class members to be "fully informed" when they make a decision, does the notice need to include any mention of the state law claims in both this and the *Butler* cases?

Further, the court notes that the parties dispute whether individuals who worked for Patriot Communications can be included in the class of people who receive notice. According to the plaintiffs, since Patriot had a subcontract with ACT, individuals who worked for Patriot may be included. The defendants

**STATEMENT**

challenge this position contending that Patriot was legally dissolved, did not "become" ACT and is not a predecessor in interest to ACT. Therefore, they argue, individuals who worked for Patriot are not properly included in the class. This issue needs to be resolved prior to notice being sent.

Because of the significant risk of confusion, the outstanding issue regarding Patriot Communications, and the fact that the notice is not in a form that the court deems acceptable, the court denies the plaintiffs' request for expedited notice that would overlap with the mailing of the settlement forms in the *Butler* case.

In sum, the plaintiffs' motion for conditional certification is granted, the request for equitable tolling is denied and the request for expedited notice is denied. The parties shall meet and confer within 14 days of the date of this order regarding the content of the plaintiffs' proposed notice. If the parties are unable to resolve all of the issues between themselves, they shall file a joint statement no more than 5 days after their meeting briefly describing the remaining issues and each sides' position on the issue. After reviewing the joint statement, the court will set further dates as necessary.